## Springfield Iron Co. v. Michael McIntyre.

1. CONTRACTS—*A Contract Construed.*—Where an employe of an iron company, who sustained an injury, agreed to accept four dollars per week in orders on the company's store until he had sufficiently recovered to return to his work, in satisfaction of all claims for damages which he had against the company on account of such personal injuries, *it was held,* that the contract should be construed as meaning that the payments should not cease until such employe had sufficiently recovered to return to work of a like character to that which he had been engaged in.

2. CONSTRUCTION OF CONTRACTS—*A General Rule.*—In construing a contract reference must be had to the circumstances surrounding the parties at the time it was entered into.

3. CROSS-ERRORS—*Abandonment of.*—Where an appellee assigns cross-errors, and in his brief asks the court to affirm the judgment appealed from, he will be deemed to have abandoned his assignment of cross-errors.

Assumpsit, on a contract. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

CONKLING & GROUT, attorneys for appellant.

GRAHAM & MILLER, B. GALLIGAN and GEORGE A. WOOD, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit brought by appellee, Michael McIntyre, against the Springfield Iron Company, to

the September term, 1896, of the Sangamon County Circuit
Court.    The case was tried by the court without the inter-
vention of a jury.    Appellee recovered judgment against
the appellant for $32, being $4 per week for the eight
weeks the appellant was found to be in arrears under their
contract with the appellee, from which judgment the
Springfield Iron Company prosecutes its appeal to this
court.    The facts upon which the court rendered judgment
against appellant are as follows :    On the 29th day of April,
1893, the appellee, while in the employ of the appellant,
received a crush wound of the arm, nearly severing the arm
and fracturing the lower bones.    The arm was nearly sev-
ered between the elbow and the shoulder, from which injury
it has become shriveled and the motion of the hand entirely
lost, the arm drawing up and becoming stiff from the injury
to the nerves.    The result of the injury is, the appellee is
unable to grasp anything; that the use of his fingers is
entirely lost.    At the time of the injury, to wit, on the 29th
day of April, 1893, the following contract was entered into
between the appellant and the appellee, to wit :

" In consideration of the Springfield Iron Company pay-
ing my hospital bill and doctor's bill, amounting to $32, and
the payment to me of $8 in store orders and car tickets, the
receipt of which is hereby acknowledged, and the further
agreement of the Springfield Iron Company to pay me $4
per week in orders on their store until my arm may have
sufficiently recovered for me to return to work, I hereby
agree to accept and do accept the same, as evidenced by my
signature hereto, in full satisfaction of all claims for dam-
ages I now have or may hereafter have against said com-
pany on account of personal injuries received by me at the
works of said company on or about the 29th day of April,
A. D. 1893.    Signed, Michael McIntyre."

The only subject of contention in this case is, what con-
struction should be put on that clause in the written
contract which provides for the payments until his arm
may have sufficiently recovered for him to return to work,
the appellant contending that when he was able to do any
kind of work, then his arm had sufficiently recovered for

him to return to work, within the meaning of the contract.
This, we think, does violence to the language of the contract.
In construing this it must be done in the light of the facts
and circumstances surrounding the parties at the time it
was entered into.   The appellee at the time he received
this injury was a man finely developed physically and in
good health.   The parties doubtless contemplated that he
would regain the use of his arm substantially as it was
before the injury, and to avoid litigation and to secure to
appellee compensation for the injury he suffered from the
negligence of appellant, entered into this contract.    He
was working for appellant whenever there was work to do,
without any definite time as to his engagement.   He was
doing the heaviest of manual labor, breaking castings with
a sixteen-pound sledge, taking out cinders from the furnace,
wheeling ore, and using the shovel and pick.   From these
facts and circumstances it is not unreasonable to construe
the contract as meaning that the payments should not cease
until he had sufficiently recovered to return to work of a
like character to that he had been engaged in, or at least to
work coming within the scope of manual labor.   This, to
us, seems to be a reasonable construction of the contract.
Any other would not give him compensation for the inju-
ries he had sustained.

It is clear from the evidence that he is not able to return
to any kind of manual labor with his arm.   His arm is
shriveled up, the motion of his hand is lost, his arm drawn
up and stiff from injury to the nerve.   He suffers pain con-
stantly.   The heat causes his fingers to swell and the cold
shrinks them.   There is nothing in the contract that indi-
cates that it was the intention of the parties that appellee
should return to work for appellant when his arm had
sufficiently recovered for him to return to work.   Had that
been the intention it should have been so stated in the
contract.

In their brief counsel for appellee asks this court to affirm
the judgment of the court below.   From this we take it,
they have abandoned their assignment of cross-errors.
Judgment affirmed.